```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - X

NADIYA DOLISHNYA,

                Plaintiff,

        -against-                          MEMORANDUM AND ORDER

COSTCO WHOLESALE CORP. and COSTCO          13-CV-00388 (MDG)
WHOLESALE OF STATEN ISLAND,

                Defendants.

- - - - - - - - - - - - - - - - - - X
```

GO, United States Magistrate Judge:

    Plaintiff Nadiya Dolishnya brings this personal injury action against defendants Costco Wholesale Corporation ("Costco Wholesale Corp.") and Costco Wholesale of Staten Island ("Costco Staten Island") for damages relating to injuries she sustained in the warehouse of Costco Staten Island.  Plaintiff alleges that defendants negligently created or failed to remedy a dangerous condition. After the parties consented to having me hear this action, Costco Wholesale Corp. moves for summary judgment on the grounds that it did not create, nor have actual or constructive notice of the alleged dangerous condition.

## FACTUAL BACKGROUND

    The following facts are undisputed unless otherwise noted.  On November 29, 2009, plaintiff, her client Riva Proof, and Yeva Levits, Ms. Proof's daughter, entered the Costco Warehouse located in Staten Island, New York sometime after 10:00 a.m.  Deposition of Nadiya Dolishnya ("Pl.'s Dep.") (DE 16-3) at 25, 33.  Plaintiff

provided personal care assistance to Ms. Proof and went to Costco to help Ms. Proof with her shopping.  Id. at 25, 31.

Upon entering the store, plaintiff observed two Costco employees to her right, setting up a display of shoe boxes with a forklift.  Id. at 37, 39-40, 47-48.  One stack of boxes was on a pallet on the forklift while some other wooden pallets had been placed on the floor.  Id. at 48.  On top of three or four wooden pallets, there were three to four stacks of boxes, which were approximately six feet to eight feet high.  Id. at 43, 48-49.

About two hours later, plaintiff and her companions returned to the display area where plaintiff had seen the boxes of shoes.  Pl.'s Dep. at 55.  The forklift was gone, but the stacks of boxes remained on the wooden pallets.  Id. at 57.  There were 4 stacks of boxes, which was piled up to about eight feet high and with between 12 and 16 boxes on each level of the stack.[1]  Id. at 64-65, 71-72.  Plaintiff is five feet, five inches tall.  Id. at 49.

---

[1]  Defendant points to plaintiff's testimony and other evidence to argue that the stack of boxes was six feet high.  Def.'s Memorandum of Law (DE 17) at 3. In fact, plaintiff testified that when she saw the forklift being used to set up the shoe display, the stack of boxes was higher than the eight foot ceiling in the deposition room. Pl.'s Dep. at 43.  She later testified that when the display was being set up, the stack of boxes was about six feet high.  Id. at 49.  Plaintiff further testified that when the accident occurred, the pile of boxes was approximately eight feet high.  Id. at 71-72.  Joanne Grippi, one of defendant's employees, testified that merchandise is usually stacked no higher than six feet. Deposition of Joanne Grippi ("Grippi Dep.") (DE 16-4) at 31, 33, 35.  To the extent the height of the stack of boxes at the time of the accident is a material issue in this case, this Court construes plaintiff's testimony in her favor that the stack was eight feet high at the time of the accident, irrespective of what she saw two hours earlier.

Ms. Levits asked a Costco employee standing near the display area whether they could look at the shoes. Pl.'s Dep. at 55-56. The employee asked what size Ms. Levits wore and then replied, "you can take it yourself." Id. at 57, 73-74. After looking at the display for five to ten minutes, plaintiff bent down to remove a box of shoes, but, as she was doing so, the stack of shoe boxes shook and two cans of cooking spray fell from the top of the stack and struck plaintiff in the forehead. Id. at 59, 60, 66, 69, 76, 81, 132. At the time, the distance between the plaintiff and the stack of boxes was approximately the length from her finger tips to her elbow. Id. at 126. There were approximately 10 boxes stacked on top of the box that plaintiff removed. Id. at 70. However, none of the shoe boxes fell. Id. at 59, 132. The two cans of cooking spray were packaged together by a cardboard carton. Id. at 77.

Plaintiff does not know how the cans of cooking spray got on top of the stack of boxes and she did not see the cans prior to the accident. Pl.'s Dep. at 61. At the time of the accident, there were other customers looking at the shoe display and removing boxes from the display. Id. at 63, 77. Plaintiff testified that someone standing on the floor could not have reached up and put the cans of cooking spray on top of the stack of boxes because the stack of shoes was too high. Id. at 127-28.

Ms. Joanne Grippi and Mr. Michael Caccavale have been employed by Costco Staten Island since 2005. Dep. of Grippi at 7; Dep. Of Michael Caccavale at 6. Plaintiff's accident occurred during the

weekend after Thanksgiving, one of the busiest times of the year in Costco. Caccavale Dep. at 31. The shoe display area is in the center of the store while the area where cooking spray is stocked is on the right side of the building. Deposition of Michael Caccavale ("Caccavale Dep.") (DE 16-5) at 69. When merchandise is moved from the loading dock to the sales floor, the same forklift could have carried both a pallet of cooking spray cans and a pallet of shoe boxes. Id. at 72. Merchandise on the floor is stocked on pallets, which are typically 48 inches wide and 40 inches deep. Id. at 20-21.

Ms. Grippi testified that stockers set up displays in the store in the manner instructed by the merchandise manager and the supervisor of that section of the store oversees the process. Grippi Dep. at 26-27, 30, 58. However, Mr. Caccavale testified that the merchandise manager would not instruct stockers as to how to set up a display because the procedure is self explanatory. Caccavale Dep. at 77. Generally, displays are stocked at the beginning of the day with a full day's supply of merchandise. Id. at 43. Although there is no set height restriction, generally, the merchandise displays at Costco are stacked no higher than six feet so customers can access all the merchandise in the display. Id. at 31, 33, 35.

Ms. Grippi and Mr. Caccavale testified that, as a general practice, Costco employees conduct hourly "floor walks," during which they check every zone of the store. Grippi Dep. at 37, 39; Caccavale Dep. at 29. After an employee finishes a floor walk, he

or she fills out the "floor walk sheets." Grippi Dep. at 36. If the employee observes a problem, he or she notes the issue with a "P" on the first page of the sheets and further explains it on the third page. Id. at 43-44; Caccavale Dep. at 52. The caption on the third page of the sheets states that: "This checklist documents your hourly inspection of the warehouse by logging issues, hazardous conditions, and action taken to correct them." Floor walk sheet (De 16-6). In addition, if any Costco employee observes an item of merchandise that is misplaced, they are expected to collect the item. Grippi Dep. at 12, 48.

## DISCUSSION

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating an absence of genuine issues of material fact and once it has done so, the burden shifts to the non-moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A genuine issue for trial exists if, based on the record as a whole, a reasonable jury could find in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

The Court's responsibility is to determine if there is a genuine issue to be tried, and not to resolve disputed issues of fact. Id. Thus, in deciding such a motion, the trial court's function "is not to weigh the evidence or resolve issues of fact,

but to decide instead whether, after resolving all ambiguities and drawing all inferences in favor of the non-moving party, a rational juror could find in favor of that party." Pinto v. Allstate Ins. Co., 221 F.3d 394, 398 (2d Cir. 2000); see also, DeFabio v. E. Hampton Union Free Sch. Dist., 623 F.3d 71, 74 (2d Cir. 2010) (the court must draw "all reasonable factual inferences in the light most favorable" to the nonmoving party").

Because jurisdiction is based on diversity of citizenship, the Court applies New York substantive law. Imbrogno v. Chamberlin, 89 F.3d 87, 89 (2d Cir. 1996) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938)). Under New York law, on a motion for summary judgment in a premises liability case, "a defendant property owner or entity responsible for maintaining the premises has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence." D'Ippolito v. Shop-Rite Supermkt., 981 N.Y.S.2d 587, 588 (2d Dep't 2014); Mahoney v. AMC Entm't, Inc., 959 N.Y.S.2d 752, 753 (2d Dep't 2013). However, in federal court, the burden shifting framework does not apply because "the evidentiary burdens that the respective parties will bear at trial guide district courts in their determination of summary judgment motions." Tenay v. Culinary Teachers Ass'n of Hyde Park, 281 Fed. App'x 11, 12-13 (2d Cir. 2008); see Simoes v. Target Corp., 2013 WL 2948083, at *9 n.8 (E.D.N.Y. 2013); Painchault v. Target Corp., 2011 WL 4344150, at *3 (E.D.N.Y. 2011). Therefore, since plaintiff would bear the burden at trial of establishing that

defendant had actual or constructive notice of the hazardous condition or created the hazardous condition at issue, the court may grant summary judgment if there is no evidence establishing a genuine issue for trial as to causation, actual notice or constructive notice. See Tenay, 281 Fed. App'x at 13.

Defendant argues that it neither created nor had actual or constructive notice of the placement of the cooking spray cans. Def.'s Memorandum of Law (DE 17) at 3. Although plaintiff has not submitted any direct evidence that defendant created the hazardous condition, she argues that there is circumstantial evidence from which a reasonable trier of fact could infer that defendant created the condition. "A prima facie case of negligence based on circumstantial evidence is established when plaintiff's evidence proves that it is 'more likely' or 'more reasonable' that the injury was caused by defendant's negligence than by some other agency." N.Y. Tel. Co. v. Harrison & Burrows Bridge Contractors, Inc., 3 A.D.3d 606, 771 N.Y.S.2d 187, 190 (3d Dep't 2004). Plaintiff contends that the cans of cooking spray fell on her from the top of the stack of boxes, which was eight feet high at the time of the accident. Mr. Caccavale testified that displays are stocked with a full day's supply of merchandise and the day of the accident was one of the store's busiest days of the year. Plaintiff testified that she removed one of the shoe boxes from the stack, the stack shook and the cans of cooking spray fell, striking her forehead. She had earlier seen Costco employees setting up the display using a forklift. There is no evidence that there were any

ladders in the area or other tools that would have enabled a customer to place the cooking spray cans on the top of an eight foot high stack of boxes. Thus, plaintiff has submitted sufficient evidence for a reasonable juror to infer that defendant created the hazard that caused plaintiff's accident. See Olsen v. K Mart Corp., No. 04-CV-3648, 2005 WL 2989546, at *9 (E.D.N.Y. 2005) (denying summary judgment where circumstantial evidence could lead reasonable juror to infer that defendant created hazard).

Defendant did not submit any evidence from a person who participated in the set-up of the shoe display or had knowledge of the set-up that could have established that the defendant did not create the allegedly hazardous condition. Ms. Grippi testified that she did not think she worked at the store on the day of the accident and Mr. Caccavale testified that he did not know if he worked that day and had no knowledge of how the shoes were stacked. Grippi Dep. at 51; Caccavle Dep. at 65. The testimony of Mr. Caccavale that defendant's employees would not leave a stray item at the top of a display (Caccavale Dep. at 39-40) and Ms. Grippi's testimony that a Merchandising Manager generally inspects displays to make sure they are safe (Grippi Dep. at 35-36, 59), at best, raises an issue of fact as to causation, in the absence of information from someone with direct knowledge of conditions at the time of the accident. Evidence of general procedures is insufficient to show that the defendant did not create the hazardous condition. See Dones v. New York Housing Auth., 81 A.D.3d 554, 917 N.Y.S.2d 186 (1st Dep't 2011). The inspection

sheets submitted by defendant showing that the zone of the store where the display was located had been inspected by a store employee is not determinative since there is no evidence as to whether this type of inspection would have revealed the presence of the cooking spray cans at the top of the display. Plaintiff testified that she did not see the cans because they were "too high up." Dolishnya Dep. at 61. Indeed, defendant recognizes that "[t]here is no proof in the record before the Court that establishes that the package of Pam was visible at all." Reply Mem. at 7.

Defendant further argues that plaintiff cannot raise an issue of fact as to causation because plaintiff testified that she did not see the cooking spray cans prior to the accident and does not know how the cans of cooking spray appeared at the scene of the accident. However, "circumstantial evidence is sufficient to make out a prima facie case of negligence if it supports an inference of causation or negligence, even if it does not rule out 'the existence of remote possibilities that the injury was not caused by the defendant, or that the defendant was not negligent.'" Olsen, 2005 WL 2989546, at *5 (quoting Dillon v. Rockaway Beach Hosp. & Dispensary, 284 N.Y. 176, 179, 30 N.E.2d 373 (1940)). Although speculation absent any evidence, whether direct or circumstantial, is insufficient to defeat a motion for summary judgment, "the possibility that an accident may have been caused by factors other than defendant's negligence does not mandate a conclusion that plaintiff has failed to make out a prima facie case." Brito v.

Manhattan and Bronx Surface Transit Operating Auth., 188 A.D.2d 253, 254, 590 N.Y.S.2d 450 (1st Dep't 1992). On the contrary, "[t]o avoid summary judgment, [plaintiff] was obligated simply to establish a reasonable probability that the accident was caused by [defendant's] negligence." Williams v. KFC Nat'l Mgmt. Co., 391 F.3d 411, 420 (2d Cir. 2004). Plaintiff's testimony that the cans fell when she removed one of the boxes, is more than sufficient circumstantial evidence for a reasonable jury to find that the cans were on top of the stack of boxes and that their placement by a defendant's employee is neither a remote nor technical possibility. See Doona v. One Source Holdings, Inc., 680 F.Supp.2d 394, 404 (E.D.N.Y.2010) (it is impossible to say at this juncture that the evidence taken together "does not support a reasonable inference that [Defendant's] employee created the" hazardous condition) (internal citation omitted).

Defendant has not offered an alternate theory as to how the cans came to fall on plaintiff's head. Assuming, arguendo, that the cooking spray cans were on top of the stack of boxes, defendant claims that "it is far more likely that the cooking spray package was misplaced by a previous customer." Reply Mem. at 5. In support of this proposition, defendant cites the testimony of Mr. Caccavale who testified that it is common for customers to misplace items in the store. Caccavale Dep. at 59. However, the likelihood of a customer leaving the cooking spray cans on top of the stack of boxes may be dependent on the height of the stack of boxes, which is in dispute. Again, the testimony of defendant's employees does

-10-

not establish that defendant did not and could not have create the alleged hazardous condition. A jury could reasonably conclude that defendant negligently left on top of the stack of boxes the cooking spray cans which fell on plaintiff. See Schneider v. Kings Highway Hosp. Ctr. Inc., 67 N.Y.2d 743, 744-45, 490 N.E.2d 1221, 500 N.Y.S.2d 95 (1986) (finding plaintiff established prima facie case through evidence that it was more likely that hospital worker rather than plaintiff lowered guardrails on hospital bed); Staten v. Pamida, 189 Ill. App.3d 125, 129 (Ill. App. Ct. 1989) (reversing directed verdict for defendant where jury question was presented as to whether store improperly allowed paint cans and rollers to be displayed on top of 6 foot paint display). While the cans arguably could have been placed on the stack of boxes by another customer, it is just as likely that a customer would have placed the spray cans on the ground rather than to reach to put the cans at the top of the stack of boxes, whether the boxes were stacked six or eight feet high.

Alternatively, there is a genuine issue of fact as to the applicability of the doctrine of res ipsa loquitor. Although res ipsa loquitor is not an independent theory of liability, it is a "common sense application of the probative value of circumstantial evidence." Abbott v. Page Airways, Inc., 23 N.Y.2d 502, 512, 245 N.E.2d 388, 297 N.Y.S.2d 713 (1969). As defendant recognizes, a jury instruction is warranted on the theory of res ipsa loquitor only when the plaintiff can establish "(1) the event must be of a kind which ordinarily does not occur in the absence of someone's

negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff." Ebanks v. New York City Transit Auth., 70 N.Y.2d 621, 623, 512 N.E.2d 297, 518 N.Y.S.2d 776 (1987).

Defendant argues that plaintiff cannot establish that the cooking spray cans were within the exclusive control of the defendant. However, there is a genuine issue of disputed fact as to whether the cooking spray cans were in defendant's exclusive control. "The requirement of exclusivity 'does not mean that the possibility of other causes must be altogether eliminated, but only that their likelihood must be so reduced that the greater probability lies at defendant's door.'" Durso v. Wal-Mart Stores, Inc., 270 A.D.2d 877 (4th Dep't 2000) (quoting Dermatossian v. New York City Transit Auth., 67 N.Y.2d 219, 227, 492 N.E.2d 1200, 501 N.Y.S.2d 784 (1986)). Where customers do not have access to the merchandise involved in an accident, the goods are within the defendant's exclusive control. See Fields v. King Kullen Grocery Co., 28 A.D.3d 513, 514, 813 N.Y.S.2d 495 (2d Dep't 2006) (finding issue of fact regarding exclusivity where shelf from which merchandise fell on plaintiff was 6 1/2 feet above the ground and there were no ladders or step stools that customers could use to reach it); Durso, 270 A.D.2d at 877 (finding that res ipsa loquitor applied where boxes stacked on a riser that was six feet off the floor); Ciciarelli v. Ames Dept. Stores, Inc., 162 A.D.2d 996, 997, 557 N.Y.S.2d 787 (4th Dep't 1990) (affirming submission of res ipsa

loquitor instruction where location of display, five feet above floor level belies defendant's contention that it did not have exclusive control over goods). Plaintiff's testimony that the stack of boxes reached eight feet is sufficient to raise an issue of fact as to whether the cans were within defendant's exclusive control.

Given the court's finding that an issue of fact exists as to the creation of the hazardous condition, it is not necessary to discuss actual or constructive notice.

## CONCLUSION

For the foregoing reasons, Costco Wholesale Corp.'s motion for summary judgment is denied.

**SO ORDERED.**

Dated:    Brooklyn, New York
           March 31, 2017

                                            /s/
                                      MARILYN D. GO
                                      UNITED STATES MAGISTRATE JUDGE